IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00171-MR

| | |
|---|---|
| ROBERT WOODWARD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>FNU DAVIS, et al., )<br>)<br>Defendants. )<br>_____ ) | O R D E R |

**THIS MATTER** is before the Court on initial review of the Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. On January 17, 2019, the Court entered an order waiving the initial filing fee and directing monthly payments be made from the Plaintiff's prison account. [Doc. 7]. Thus, the Plaintiff is proceeding *in forma pauperis*.

I. **BACKGROUND**

The Plaintiff Robert Woodward ("Plaintiff"), who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, for claims arising out of his treatment while detained at the Haywood County Jail ("the Jail"). He names

as Defendants FNU Davis, who is identified as a nurse at the Jail ("Nurse Davis"), and John Doe, who is identified as a lieutenant at the Jail. [Doc. 1].

Although not specifically enumerated as such, the Plaintiff's claims appear to be in the nature of claims for deliberate indifference to serious medical needs in violation of his Eighth Amendment rights. [Doc. 1]. Specifically, the Plaintiff alleges that, on April 4, 2018 and one other unspecified occasion when he was transported to the Jail, Nurse Davis refused to change a bandage and otherwise failed to treat his existing cellulitis. As a result, the Plaintiff claims, he came "close to losing [his] foot." [Id. at 2]. He further alleges that Nurse Davis refused to provide him with his prescribed medications while in a holding cell. [Id. at 3]. As for Defendant Doe, the Plaintiff alleges that he did not intervene on the Plaintiff's behalf. The Plaintiff alleges that Doe "spent most of the day sweeping but didn't lift a finger to help me get my medical care." [Id.].

For relief, the Plaintiff seeks compensatory and punitive damages against Nurse Davis for her failure to address his apparent medical needs. [Id. at 5]. The Plaintiff does not specifically seek damages against Defendant Doe.

On June 27, 2018, the Court received an additional filing from the Plaintiff entitled "Amended Complaint to Add Defendants." [Doc. 6]. In this

2

filing, the Plaintiff adds the following Defendants: ; (1) FNU Cravitt, who is identified as a nursing supervisor at the Jail ("Defendant Cravitt"); (2) Greg Christopher, who is identified as the Sheriff of Haywood County ("Sheriff Christopher"); and (3) Southeast Correctional Medical Group. [Id.]. The Plaintiff alleges that Defendant Cravitt "either failed to properly investigate my complaint or she did investigate it and lied to cover Nurse Davis for failing to treat me." [Id. at 3]. As for Sheriff Christopher, the Plaintiff alleges that he "failed to ensure his medical contractor, Southeast Correctional Medical Group, was in fact providing adequate care." [Id.].[1] Finally, the Plaintiff alleges that Southeast Correctional Medical Group "failed to 'properly' train their staff to treat 'serious' medical needs in a prompt and proper fashion." [Id.]. The Plaintiff does not specify what type of relief he seeks against these Defendants.[2]

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the

---

[1] The Plaintiff does not allege that any of the other named Defendants were employees of Southeast Correctional Medical Group.

[2] Because this "Amended Complaint" was filed within twenty-one (21) days of the filing of the original Complaint, and none of the named Defendants had yet been served, the Court will treat this filing as part of the Plaintiff's Complaint. See Fed. R. Civ. P. 15(a)(1) (permitting party to amend a pleading once as a matter of course within 21 days).

3

grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a

4

plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse,

5

intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

Here, the Plaintiff alleges that on two occasions, he was detained at the Haywood County Jail and was denied proper medical treatment. While the deprivation of medical care for a serious medical condition is generally sufficient to state a § 1983 claim under the Eighth Amendment, the Plaintiff's Complaint suffers from numerous deficiencies. First and foremost, the Plaintiff fails to identify the date of one of the events complained of. Second, the Plaintiff fails to allege that Nurse Davis actually knew of and ignored a detainee's serious need for medical care with respect to his cellulitis. Further, the Plaintiff fails to provide any factual details to support his claim

that Nurse Davis refused to provide him prescription medications knowing that such medications were necessary to treat a serious medical need.

Also, the Plaintiff has not alleged how the other Defendants identified in the Complaint personally participated in the alleged violations of his Eighth Amendment rights. It is not enough to name individuals as Defendants and then allege generally, without specific facts as to each person's conduct, that they were all deliberately indifferent to Plaintiff's serious medical needs. For a defendant to be held liable under § 1983 in his individual capacity, the plaintiff must demonstrate that the defendant personally participated in the alleged denial of rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Further, the Plaintiff fails to identify the type of relief that he seeks with respect to any of these Defendants.

Along the same lines, it is well-settled that defendants cannot be held liable merely by virtue of their supervisory positions. See Monell, 436 U.S. at 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). Therefore, to the extent that any of the Defendants have been named only in their supervisory capacity, they are subject to dismissal, unless he alleges some personal participation by these supervisors in the deprivation of the Plaintiff's constitutional rights.

In sum, the Plaintiff's Complaint, as amended, fails to state a claim for deliberate indifference against any of the named Defendants. Rather than dismissing the Complaint, however, the Court will allow the Plaintiff the opportunity to cure the defects by amending his Complaint. In the amended complaint, the Plaintiff must re-allege all of his claims against all persons he wishes to name as Defendants, and he must allege how each named Defendant personally participated in the deliberate indifference to the Plaintiff's serious medical needs. Further, the Plaintiff should also include any available information regarding the dates or time frames in which any specific conduct took place.

The Court advises the Plaintiff that his amended complaint must be complete in and of itself. This is because the amended complaint will supersede the original complaint, meaning the original complaint will no longer have any force. In other words, the Plaintiff may not amend the complaint "piecemeal"—he simply cannot add on to what he has already alleged in the complaint. To this extent, the Court will instruct the Clerk to mail the Plaintiff a new Section 1983 form for the Plaintiff to submit an amended complaint, if he so wishes.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his complaint in accordance with this order.

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall have thirty (30) days from the entry of this Order in which to amend the complaint, particularizing his claims and providing facts to support his legal claims and identifying individual Defendants subject to suit. If the Plaintiff fails to amend the complaint within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.

The Clerk of Court is respectfully instructed to mail the Plaintiff a new § 1983 form.

**IT IS SO ORDERED**.

Signed: July 20, 2020

Martin Reidinger
Chief United States District Judge