IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00171-WCM

ROBERT WOODWARD, )
 )
      Plaintiff, )
 )
vs. ) **O R D E R**
 )
 )
 )
FNU DAVIS, et al., )
 )
      Defendants. )
_____ )

**THIS MATTER** is before the Court on review of the Plaintiff's Second Amended Complaint, filed pursuant to 42 U.S.C. § 1983. [Doc. 12]. See 28 U.S.C. §§ 1915(e)(2); 1915A. The Plaintiff is proceeding *in forma pauperis*.

**I.    BACKGROUND**

The Plaintiff Robert Woodward ("Plaintiff"), who is proceeding *pro se*, initiated this § 1983 action for claims of deliberate indifference to serious medical needs in violation of his Eighth Amendment rights while detained at the Haywood County Detention Center ("the Detention Center"). He originally named as Defendants FNU Davis, who was identified as a nurse at the Detention Center ("Nurse Davis"), and John Doe, who was identified as a lieutenant at the Detention Center ("Defendant Doe"). [Doc. 1]. In a

subsequent amendment to his Complaint, the Plaintiff also named as Defendants: (1) FNU Cravitt, who is identified as a nursing supervisor at the Detention Center ("Defendant Cravitt"); (2) Greg Christopher, who is identified as the Sheriff of Haywood County ("Sheriff Christopher"); and (3) Southeast Correctional Medical Group. [Doc. 6].

The Court conducted an initial review of the Plaintiff's Complaint, as amended, and found that the Plaintiff had failed to state a claim for deliberate indifference against any of the named Defendants. [Doc. 11]. The Court gave the Plaintiff thirty (30) days in which to file an amended complaint. [Id.]. The Plaintiff timely filed a Second Amended Complaint [Doc. 12], and therefore this matter is ripe for review.

Taking the well-pleaded factual allegations in the Second Amended Complaint as true, the following is a summary of the relevant facts. The Plaintiff was transported by the North Carolina Department of Public Safety to the Haywood County Detention Center on two occasions: December 13, 2017 and April 4, 2018.[1] On December 13, 2017, the Plaintiff arrived at the Detention Center at approximately 8:45 a.m. [Doc. 12 at 6]. His medications

---

[1] It appears from the exhibits attached to the Plaintiff's Second Amended Complaint that the Plaintiff is currently a state prisoner in the custody of the North Carolina Department of Public Safety, and that he was transported to the Detention Center on these two occasions in order to attend court hearings. [See Doc. 12-1 at 3].

2

had been sent with him. [Id.]. Nurse Davis was present as the Plaintiff was being booked into the Detention Center. Both the booking officer and the Plaintiff advised Nurse Davis that the Plaintiff is "an insulin dependent diabetic with a 'serious foot injury' that had progressed into cellulitis." [Doc. 12 at 7]. Nurse Davis advised the Plaintiff that she would see him in a few minutes. However, Nurse Davis proceeded to ignore the Plaintiff for the rest of the day, despite walking by the Plaintiff's cell "forty or fifty times." [Id.]. The Plaintiff's foot was swollen to approximately five times its normal size and had open wounds. [Id.]. The Plaintiff begged Nurse Davis for his insulin and antibiotics, but she refused to administer them. [Id.].

On April 4, 2018, the Plaintiff was transported back to the Detention Center and placed in a holding cell. [Id. at 8]. Nurse Davis never spoke to the Plaintiff or provided him any of his medications or insulin. [Id.]. Defendant Doe was present in booking "all day" and heard the Plaintiff pleading for Nurse Davis for hours, but never checked on him. [Id.].

The Plaintiff filed a grievance regarding Nurse Davis's lack of medical care. [See id. at 9]. Nurse Gravitt,[2] the nursing supervisor, reviewed the

---

[2] Nurse Gravitt was identified as "Nurse Cravitt" in the original Complaint.

3

medical records and determined that Nurse Davis had provided "appropriate care" on both occasions. [Id.; Doc. 12-1 at 3].

The Plaintiff alleges that both Nurse Davis and Nurse Gravitt are employed by Southeast Correctional Medical Group. [Doc. 12 at 2]. The Plaintiff alleges that Southeast Correctional Medical Group showed deliberate indifference by "not ensuring its employees were properly trained to address serious medical needs." [Id. at 9].

With respect to Sheriff Christopher, the Plaintiff alleges that he "has final responsibility to ensure inmates in his jail are receiving adequate medical care." [Id. at 10]. The Plaintiff cites one incident in 2011 where a detainee died of sepsis while in the Detention Center. [Id.]. He further alleges that "there should be fail safes in place to ensure inmates with sepsis[3] are treated 'immediately' upon arriving, especially those transferred in with their own medications." [Id.].

For relief, the Plaintiff seeks $100,000 in compensatory damages and $100,000 in punitive damages against each Defendant. [Id. at 6].

---

[3] The Plaintiff does not allege that he had sepsis on either occasion that he was transported to the Detention Center.

4

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of medical treatment or on alleged inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth

6

Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

Upon careful review of the Second Amended Complaint, the Court concludes that the Plaintiff's allegations of deliberate indifference against Nurse Davis are sufficient to pass initial review. The Plaintiff's claims against the other named Defendants, however, are insufficient to state a claim. For

7

a defendant to be held liable under § 1983 in his or her individual capacity, the plaintiff must demonstrate that the defendant personally participated in the alleged denial of rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Here, the Plaintiff alleges that Defendant Doe heard him pleading for medication and did not come to check on him. [Doc. 12 at 8]. With respect to Nurse Gravitt, the Plaintiff alleges that she reviewed the medical records after the fact and concluded that Nurse Davis provided appropriate care. These allegations do not rise to the level of personal participation in the alleged deprivation of the Plaintiff's Eighth Amendment rights. Accordingly, the Plaintiff's claims against Defendants Gravitt and Doe are subject to dismissal.

As for Defendants Christopher and Southeast Correctional Medical Group, the Plaintiff appears to assert liability based upon their duties to ensure that their respective employees provide detainees in the Detention Center with appropriate medical care. It is well-settled that defendants cannot be held liable merely by virtue of their supervisory positions. See Monell, 436 U.S. at 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). Therefore, because Defendants Christopher and Southeast Correctional Medical Group have been named only in their supervisory capacity, and

8

there are no allegations of some personal participation by these supervisors, these Defendants are also subject to dismissal.[4]

In sum, the Plaintiff's Second Amended Complaint passes initial review with respect to the Defendant Nurse Davis. The Second Amended Complaint fails to state a claim for deliberate indifference against any of the other named Defendants, and therefore, the Plaintiff's claims against these Defendants are hereby dismissed.

The Clerk of Court will be instructed to mail a blank summons to the Plaintiff. The Plaintiff shall fill out the summons form and provide the necessary information to effectuate service on the Defendant FNU Davis. The Plaintiff shall then return the summons to the Court.

The Plaintiff is advised that he is responsible for providing the necessary information for the U.S. Marshal to effectuate service on the Defendant FNU Davis. The Plaintiff is further advised that if Defendant FNU Davis is not served within ninety (90) days of the entry of this Order, this action may be dismissed without prejudice. See Fed. R. Civ. P. 4(m).

---

[4] To the extent that the Plaintiff's claim against Southeast Correctional Medical Group can be construed as a "failure to train claim" under § 1983, such claim is wholly conclusory and unsupported by any well-pled factual allegations.

9

Case 1:18-cv-00171-MR   Document 13   Filed 09/21/20   Page 9 of 10

**IT IS, THEREFORE, ORDERED** that Plaintiff's claim for deliberate indifference against Defendant FNU Davis has survived initial review.

**IT IS FURTHER ORDERED** that the Plaintiff's remaining claims against Defendants Gravitt, Doe, Southeast Correctional Medical Group, and Sheriff Christopher are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to mail a blank summons to the Plaintiff. The Plaintiff shall fill out the summons form and provide the necessary information to enable the U.S. Marshal to effectuate service on the Defendant FNU Davis. The Plaintiff shall then return the summons to the Court. After the Court receives the summons from the Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon the Defendant.

**IT IS SO ORDERED**.

Signed: September 21, 2020

Martin Reidinger
Chief United States District Judge