IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00171-MR

| ROBERT E. WOODWARD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM OF DECISION AND ORDER** |
| FNU DAVIS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration filed on April 23, 2021. [Doc. 21]. Plaintiff seeks reconsideration of the Court's Order dismissing this action on April 14, 2021. [Doc. 19].

**I.    BACKGROUND**

Plaintiff Robert E. Woodward ("Plaintiff") initiated this 42 U.S.C. § 1983 action on June 11, 2018. [Doc. 1]. Upon initial review, the Court dismissed all of the named defendants with the exception of Defendant FNU Davis. [Doc. 13]. FNU Davis was served by certified mail on October 15, 2020. [Doc. 16].

This Court entered an Order on February 10, 2021 noting that FNU Davis had not appeared or otherwise defended this action and that Plaintiff

had taken no action to prosecute his case against FNU Davis. The Court ordered Plaintiff to take further action to prosecute his case against FNU Davis within fourteen (14) days and advised Plaintiff that failure to do so could result in the dismissal of this action without prejudice. [Doc. 17].

On March 1, 2021, Plaintiff filed a Motion to Reveal Full Name and Address of Defendant, requesting this Court order the Haywood County Sheriff's Office to provide him with the full name and last known address of FNU Davis. [Doc. 18]. However, because FNU Davis was already served and because Plaintiff had taken no further action with regard to prosecution of his claim against FNU Davis, the Court entered an Order on April 14, 2021 denying Plaintiff's request and dismissing this action without prejudice for lack of prosecution. [Doc. 19].

Plaintiff now seeks reconsideration of the Court's dismissal Order. [Doc. 21].

**II.    STANDARD OF REVIEW**

Motions for Reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59 or 60. A court has the discretion to alter or amend a judgment pursuant to a motion brought under Rule 59(e) no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Such motions shall be granted only in very narrow circumstances: "(1) to accommodate an

2

Case 1:18-cv-00171-MR    Document 22    Filed 12/08/21    Page 2 of 4

intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002)(quoting Collison v. International Chemical Workers Union, 34 F.3d 233, 236 (4th Cir.1994)). "[R]ule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id.

Federal Rule of Civil Procedure 60(b) allows a court to enter an order providing relief from a final judgment or order under certain circumstances, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The movant has the burden to establish the grounds set forth in the motion and such grounds "must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992)(quoting Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966)). Relief under Rule 60(b) is an "extraordinary remedy" to be applied only in "exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

## III. DISCUSSION

Plaintiff fails to establish that he is entitled to relief under Rule 59 or Rule 60 to warrant this Court's reconsideration of its previous Order. Once

3

again, Plaintiff argues that he has attempted to obtain FNU Davis' name and address in order to serve her and asks the Court to order the Haywood County Sheriff's Department to provide Defendant's first name and address. [Doc. 21 at 2-3].

Plaintiff merely reasserts his previous arguments and cannot demonstrate that reconsideration of the Court's order is warranted. Plaintiff fails to show any clear error of law that requires this Court's correction, nor does he show the presence of any limited circumstances under which a motion for reconsideration may be granted. As such, the Plaintiff is not entitled to relief.

The Court reiterates to the Plaintiff that the dismissal was without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Reconsideration [Doc. 21] is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.** Signed: December 8, 2021

Martin Reidinger
Chief United States District Judge